IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

    **Plaintiff,**

    v.                                      CASE NO. 22-3154-SAC

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff has paid the filing fee. On August 24, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until September 16, 2022, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file a second amended complaint by the September 16, 2022 deadline. This matter is before the Court on Plaintiff's Motion for Emergency Ruling (Doc. 8). The underlying facts are set forth in the Court's MOSC.

    In his Amended Complaint, Plaintiff seeks compensatory damages in the amount of $75,000 and punitive damages. Plaintiff has now filed a motion for an emergency ruling, seeking a protective order granting him an immediate transfer to a different facility where he can be housed in general population. (Doc. 8, at 7.)

    To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th

Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court has entered a MOSC directing Plaintiff to show cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC.  The MOSC provides that Plaintiff has not shown that the Defendants were deliberately indifferent to his health or safety and his Eighth Amendment claims are subject to dismissal; Plaintiff has not suggested that he was denied medical care or that he was treated differently than other inmates on Holdover Transfer Status; and Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Emergency Ruling (Doc. 8) is **denied.**

**IT IS SO ORDERED**.

Dated August 30, 2022, in Topeka, Kansas.

>  <u>S/ Sam A. Crow</u>
>  **SAM A. CROW**
>  **SENIOR U. S. DISTRICT JUDGE**