Nicholas Cox 98253
Name

P.O. Box 311

El Dorado, KS 67042
Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Nicholas Cox, Plaintiff
(Full Name)

V.

Jeff Zmuda, Jeff Butler, Tommy Williams, Defendant(s)

CASE NO. 22-3154-SAC
(To be supplied by the Clerk)

SECOND AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

### A. JURISDICTION

1) Nicholas Cox 98253, is a citizen of Kansas
   (Plaintiff)                          (State)

   who presently resides at P.O. Box 311, El Dorado, KS 67042
   (Mailing address or place of confinement.)

2) Defendant Jeff Zmuda
   (Name of first defendant)
   is a citizen of Topeka, Kansas
   (City, State)
   , and is employed as Secretary of Corrections
   (Position and title, if any)
   . At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

   He is in charge of implementing and creating policy and procedure for the Kansas Prison System

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983                               1

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

   A) (1) Count I: Cruel and Unusual Punishment for denial of out-of-cell exercise.

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

   Jeff Butler and Tommy Williams did not allow segregation inmates yard for periods of at least nine months straight when they were Wardens of El Dorado prison. (Continued on seperate paper)

   B) (1) Count II: Denial of Equal Protection for keeping me in segregation for 2½ years on Holdover Status when it is contrary to KDOC policy for Holdover Prisoners

   (2) Supporting Facts: KDOC policy IMPP 20-104A II.G.b. states "A resident is not to be held on holdover status longer than 15 days to accomplish the transfer to another facility." (Continued on seperate paper.)

C. Cause of Action

Count I. (cont) In May 2020 I was released to general population in El Dorado after spending a year in segregation on O.S.R. (other security risk). I was immediately attacked by another inmate. El Dorado placed me on Holdover Transfer Status and told me it was not safe to house me here. I spent the next sixteen months on Holdover Status and due to the 28 months in segregation without steady yard, I had a huge blood clot. My grandmother and I had been working the entire time with Topeka, deputy wardens, and unit teams to procure a transfer but my only option was six in segregation or try population in El Dorado again. I was not being allowed yard or exercise in segregation at the time so I took my chances and went to population. I was attacked immediately and have been on Holdover Transfer since that time. I have been in segregation for over 1200 days, 900 days of which were Holdover Transfer. The denial of exercise has been off and on throughout the 900 days. It has varied from no yard from around August 2021 to May 2022 to partial yard right now which is one day a week. It was understandable during Covid for not having yard but the nine month period from August 2021 to May 2022 was do to staffing we were told. It was horrible being doubled-bunked in a closet sized cell with no out-of-cell time except for three ten-minute showers a week. Because of the lack of out of cell exercise during that time I suffered from depression, weight gain, and D.V.T blood clots. My blood clots are present to this day and feel as if they are worsening. Jeff Zmuda allowed El Dorado to keep operating under extreme short staffing when he knew or should have known that our constitutional needs were not being met including denying hundreds of inmates any out of cell exercise for over nine months. He knew this would adversely affect mine and many others health. Tommy Williams and Jeff Butler decided to eliminate yard for at least nine months straight even though they knew or should have known this would adversely affect mine and other inmates health.

C. Cause of Action

Count II. (cont) I have been on Holdover Transfer Status since May 2020. It has been over 800 days. During the time on Holdover I have been denied yard for various periods of time including at least nine months straight from August 2021 until May 2022. The amount of time I have spent on Holdover transfer status is not that of a typical Holdover inmate. The conditions of my confinement, mainly not being allowed yard in accordance with the Constitution is a significant and atypical hardship not normally present in what a Holdover inmate has to deal with. Jeff Zmuda is in charge of making sure policy and procedures are followed and he failed to make sure I was treated in accordance of Holdover policy in this case. Tommy Williams and Jeff Butler are in charge of making sure Holdover policy is followed at El Dorado Prison and they failed to do so by reasons stated above. The defendants could have transferred me out of state back in May 2020 and there was no penal interest in not doing so. The defendants did not submit me for interstate compact transfer until February 2022, 21 months after being placed on Holdover. The defendants were not reasonable in waiting 21 months to submit me for a transfer. Also IMPP 20-101 A(III)(F) States "Each resident confined in disciplinary or administrative ~~segregation~~ restrictive housing is to be allowed to exercise outside the cell, if desired, for at least one hour per day and at least 5 days per week unless circumstances such as emergency or extreme weather make such exercise periods impractical or dangerous." IMPP 20-101 A(III)(F)(3) States "Except as provided herein, weather permitting, restrictive housing residents are to be permitted to exercise outdoors, for four of the five days, to the extent that facilities and staff are available to maintain basic security for those residents." The defendants failed to provide yard in accordance with these policies including but not limited to no yard at all for a period from August 2021 to May 2022. Holdover inmates are normally treated in accordance with the policies stated in Count Two and I was not.

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐  No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: _____

   Defendants: _____

   b) Name of court and docket number _____

   _____

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

   _____

   d) Issues raised _____

   _____

e) Approximate date of filing lawsuit _____

f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

I have filed grievances and exhausted them asking for a transfer. My family has made hundreds of calls. I have offered to settle this case for a transfer and good time restoral within their policy. No monetary requests.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

$75,000.00 in compensatory damages punitive damages to be decided by a jury a transfer to general population in a medium facility any was other relief this court deems just and equitable.

_____        _____
Signature of Attorney (if any)              Signature of Plaintiff

_____

_____
(Attorney's full address and telephone number)

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                5