IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

    **Plaintiff,**

    v.                                                        CASE NO.  22-3154-SAC

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff has paid the filing fee. On August 24, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until September 16, 2022, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file a second amended complaint by the September 16, 2022 deadline. This matter is before the Court for screening Plaintiff's Second Amended Complaint (Doc. 11). Plaintiff has also filed a response (Doc. 10) to the MOSC. The underlying facts and the Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges that after he was assaulted, he was placed in segregation in "holdover transfer status" awaiting transfer to another facility. Plaintiff alleges that he was held there for over two and half years, was denied out-of-cell exercise for over nine months due to short-staffing, and developed blood clots due to his inactivity. Plaintiff alleges that he has been in segregation for 1200 days, including 800 days in holdover transfer status. (Doc. 11, at 3.)

Plaintiff alleges cruel and unusual punishment and a significant and atypical hardship. Plaintiff seeks compensatory and punitive damages, and a transfer. *Id*. at 6.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the EDCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Court will enter a separate e-service order directing the Clerk of Court to serve the Defendants.

(2) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Second Amended Complaint. If the Second Amended Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling.

(3) Officials responsible for the operation of the EDCF are directed to undertake a review of the subject matter of the Second Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Second Amended Complaint; and

    c.  To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Second Amended Complaint and should be considered together.

   (4)  Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

   (5)  Authorization is granted to the officials of the EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

   (6)  No motion addressed to the Second Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

   (7)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Second Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated September 14, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**
