## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**NICHOLAS COX,**

   **Plaintiff,**

   **v.**           **CASE NO.  22-3154-JWL-JPO**

**JEFF ZMUDA, et al.,**

   **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff has paid the filing fee.  The Court screened Plaintiff's Second Amended Complaint (Doc. 11) and ordered the officials responsible for the operation of EDCF to prepare a *Martinez* Report. (Docs. 12, 13.)  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).  This matter is before the Court on Plaintiff's Motion for Protective Order (Doc. 20).

Plaintiff alleges that since the Court ordered the *Martinez* Report, he has been subjected to coordinated attacks, negligence and retaliation.  (Doc. 20, at 1.)  Plaintiff alleges that when he was moved to a different cell house, he was placed in a cell with "a flamboyant, outward, homosexual," instead of being placed in an empty cell.  *Id.*  Plaintiff alleges that this is against his beliefs as a conservative Catholic, and a person faces more ridicule for living with gays.  *Id.* Plaintiff also alleges that his phone numbers are not being added to his call lists in a timely manner; the property he ordered and purchased has not been delivered to him yet; the yard and

ice passes "are not called loud enough to hear to wake up for" causing him to frequently miss them; and the heat is turned up so high that it causes him to sweat all day. *Id*. at 1–2.

Plaintiff seeks injunctive relief in the form of an order directing EDCF staff: to treat Plaintiff within the norms and policies he is afforded as a prisoner; to timely submit his paperwork such as phone lists;  to timely provide him with his property; and to not put him "in any more situations which can cause him violence or make him a target." *Id*. at 2.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff states that "[i]t is possible none of these things are intentional but very doubtful." (Doc. 20, at 2.)  He claims that none of these things were happening in the past, and he does not believe in coincidences. *Id*.  His allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.*; *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Plaintiff has not established a relationship between his allegations and his claims in his Second Amended Complaint.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Protective Order (Doc. 20) is **denied.**

**IT IS SO ORDERED**.

**Dated November 17, 2022, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**