IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case. No. 22-3154-JWL-JPO |
| | ) |
| JEFF ZMUDA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
### FOR PROTECTIVE ORDER

Defendants Jeff Zmuda and Tommy Williams ("Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this response to Plaintiff's Motion for Protective Order (Doc. 20). Defendants respectfully request that this motion be denied and state the following in support.

Plaintiff does not appear to be requesting a protective order for discovery purposes under Federal Rule of Civil Procedure 26(c), but rather an injunction before the resolution of the case, known as a preliminary injunction. *Preliminary injunction*, Black's Law Dictionary (11th ed. 2019) ("A temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case."). "[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Accordingly, "[a] preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting *De Beers*

*Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). The movant for a preliminary injunction "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). As part of establishing that relationship, the plaintiff must allege that the defendants in the case participated in the injury complained of in the motion. *See id.* The movant bears the burden to establish by clear proof that the movant "will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In *Hicks*, an inmate requested a preliminary injunction preventing his transfer out of a protective custody unit. *Hicks*, 332 F. App'x at 508. The district court denied the request because it was unrelated to the inmate's complaint, which alleged only that defendants had put him in an undesirable cellmate situation. *Id.* at 506, 508. The Tenth Circuit affirmed, saying that "[t]he district court did not abuse its discretion in denying a preliminary injunction or TRO" because the plaintiff "sought relief 'on a matter lying wholly outside the issues in his suit.'" *Id.* at 508 (quoting *De Beers*, 325 U.S. at 220). The court held that the transfer issue (which arose after the filing of the complaint) "bore no relation" to the cellmate issue. *Id.* at 506-08.

Here, Plaintiff's motion for temporary injunctive relief strays from the underlying claims and the requested permanent relief in the Second Amended Complaint (Doc. 11), and therefore the Court should deny the motion. The motion alleges injuries after the filing of the complaint that involve entirely different matters (such as being housed with a cellmate Plaintiff does not like) from the facts alleged in the complaint (not being transferred out of administrative segregation). As in *Hicks*, the cellmate issue and the transfer issue bear no relation to each other. The other alleged injuries (not being added to a call list, not being given a fan Plaintiff

2

purchased, not calling out yard and ice pass times loud enough, and hot conditions) similarly bear no relation to the transfer issue. Plaintiff also fails to specify how the defendants in this case participated in the unrelated injuries claimed in his motion. For these reasons, Plaintiff fails to establish a relationship between the injuries claimed in his motion and the conduct asserted in the complaint.

Plaintiff's motion does not flow from the claims in the complaint but rather attempts to bring new claims without amending Plaintiff's complaint to include the new claims. What is more, Plaintiff has not exhausted administrative remedies with regard to the new claims, which would be required under the Prison Litigation Reform Act even if Plaintiff were allowed to amend his complaint to include the new claims. 42 U.S.C. § 1997e(a).

WHEREFORE, for the reasons set forth above, Defendants request that this Court enter an Order denying Plaintiff's Motion for Protective Order, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of November, 2022, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    natasha.carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

    Nicholas Cox, #98253
    El Dorado Correctional Facility-Central
    P.O. Box 311
    El Dorado, Kansas 67042
    *Plaintiff, pro se*

                              */s/ Matthew L. Shoger*
                              Matthew L. Shoger
                              Assistant Attorney General