IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS COX,**

  **Plaintiff,**

  v.                 **CASE NO. 22-3154-JWL**

**JEFF ZMUDA, et al.,**

  **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff has paid the filing fee. On August 24, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff an opportunity to show good cause why his Amended Complaint should not be dismissed or to file a second amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed a Second Amended Complaint (Doc. 11) ("SAC").

The Court screened Plaintiff's SAC and ordered the officials responsible for the operation of EDCF to prepare a *Martinez* Report. (Docs. 12, 13); *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The *Martinez* Report was filed (Docs. 34–43) (the "Report"), and the Court entered an order (Doc. 45) granting Plaintiff an opportunity to respond to the Report. Plaintiff has filed a response (Docs. 47, 48).

Plaintiff alleges Eighth Amendment and equal protection violations. Plaintiff's claims relate to his extended stay in Holdover Transfer Status at EDCF. Plaintiff alleges that the length of time he has spent on Holdover Status is not that of a typical Holdover Status inmate, and that his assignment imposed atypical and significant hardship in relation to the ordinary incidents of prison life. He also claims that Defendants were deliberately indifferent to his health.

The Report provides that Plaintiff's extended stay is due to the inability to transfer him out-of-state and the inability to transfer him due to his custody classification. The Declaration of David Lewis, Restricted Housing Unit Administrator at EDCF, states that Plaintiff "was on Holdover Status longer than usual because of his STG issues. The only Kansas prisons he could safely return to general population in he does not qualify for because of his max custody status." Doc. 41, at ¶ 12. The declaration further provides that "[o]n November 22, 2022, Resident Cox's custody reduced to low medium, but on November 25, 2022, he received a disciplinary report for Less Dangerous Contraband which moved him back to max custody." *Id*. at ¶ 9.

Plaintiff asserts that he is almost three years "D.R. free" and is medium custody. (Doc. 47, at 2.) Plaintiff states that he will sign a waiver to go to any medium compound like Ellsworth or Norton, consistent with his custody level. *Id*. Plaintiff alleges that contrary to the Lewis declaration, all of his disciplinary reports were dismissed and he still has a low-medium custody classification. (Doc. 48, at 3.) Plaintiff alleges that he is being refused a transfer to medium custody facilities like Norton, Ellsworth, Oswego, and Larned, for no reason. *Id*.

The Declaration of David Lewis was signed on January 13, 2023. (Doc. 41, at 4.) Exhibit 1 to the Report, filed on January 17, 2023, consists of Plaintiff's KASPER Profile and does not reflect any Disciplinary Reports for Plaintiff since September 8, 2020. (Doc. 35, at 3.) Likewise, a current online KASPER search does not reflect any Disciplinary Reports since September 8, 2020.[1]

The Court recognizes the apparent inconsistency between the declaration and the KASPER Profile. The KASPER Profile is consistent with Plaintiff's allegations. The Court requests a clarification regarding this inconsistency and information as to whether or not Plaintiff is eligible

---

[1] *See* Kansas Adult Supervised Population Electronic Repository, https://kdocrepository.doc.ks.gov/kasper/search/detail?kdocNumber=98253 (last visited April 6, 2023).

for transfer to one of the medium custody facilities.  The Court directs the KDOC to supplement the Report by indicating Plaintiff's current custody level; whether or not that level changed due to disciplinary reports during the relevant timeframe; and whether or not Plaintiff is eligible for transfer to a medium custody facility within the KDOC.

**IT IS THEREFORE ORDERED BY THE COURT** that the KDOC is granted until **April 21, 2023,** in which to supplement the Report at Doc. 34 as set forth in this Order.

**IT IS SO ORDERED**.

Dated April 6, 2023, in Kansas City, Kansas.

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**