IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS COX,<br><br>                Plaintiff,<br><br>v.<br><br>JEFF ZMUDA, et al.,<br><br>                Defendants. | Case No. 22-CV-3154-JWB-TJJ |

### ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS

This matter is before the Court on the Motion to Stay Discovery (ECF No. 62) filed by Defendants Jeff Zumda, Jeff Butler, and Tommy Williams on July 10, 2023. Defendants request an order staying all discovery and other related Rule 26 deadlines, proceedings, and requirements in this case—including the obligation to attend a scheduling conference and to issue or respond to any discovery—until the Court rules on their pending Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 59) ("Motion to Dismiss") filed on July 10, 2023. *Pro se* plaintiff Nicholas Cox filed his response in opposition on July 31, 2023 (ECF No. 68), arguing he should be allowed discovery seeking proof to respond to affidavits filed by Defendants in support of their Motion to Dismiss. As explained below, the motion to stay is granted.

### I.  Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1]  The Tenth Circuit, however, has held that "the right to proceed in

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).  *See also Clinton v. Jones*, 520 U.S. 681,

court should not be denied except under the most extreme circumstances."[2] Thus, the longstanding "general policy in this district is not to stay discovery even though dispositive motions are pending."[3]

Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[4] A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."[5] "The proponent of a stay bears the burden of establishing its need."[6]

## II.  A Stay During the Pendency of Defendants' Motion to Dismiss is Appropriate in this Case

Defendants state in support of their motion to stay that Plaintiff is an inmate currently incarcerated in restrictive housing at El Dorado Correctional Facility, who alleges in this case

---

706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Kehler v. Ward*, No. 21-3251-HLT-ADM, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022).

[4] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[5] *Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021).

[6] *Clinton*, 520 U.S. at 708.

that from August 2021 to May 2022, he was not allowed yard or out-of-cell exercise while in restrictive housing, and that he was denied equal protection by being kept on holdover status in restrictive housing for two-and-a-half years without being transferred out of state or to another facility. Defendants ask the Court to stay discovery until issuance of a ruling on Defendants' pending Motion to Dismiss because that motion raises threshold issues likely to dispose of the claims, as well as issues of Defendants' immunity. The motion argues the Court lacks subject-matter jurisdiction over some claims, that Plaintiff fails to state a claim, and, alternatively, that Defendants are entitled to summary judgment. Defendants contend they are entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. Defendants also argue that given the evidence in Plaintiff's filings and Defendants' motion, as well as the information contained in the *Martinez* report, discovery would not affect the resolution of this issue. Similarly, discovery will not aid the Court in deciding whether Plaintiff fails to state a claim in his complaint as that is a question of law, not fact.

After reviewing the relevant pleadings, the Court concludes that a stay of discovery and pretrial proceedings—until the District Judge rules on the pending Motion to Dismiss—is appropriate. In their Motion to Dismiss, Defendants have asserted Eleventh Amendment and qualified immunity as bases for dismissal or entry of summary judgment on Plaintiff's claims. Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' "[7]

---

[7] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity).

A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery.[8] Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit.[9] Because Defendants have raised Eleventh Amendment and qualified immunity in their Motion to Dismiss, the Court finds that a stay of discovery—until that pending Motion to Dismiss is ruled upon—is appropriate to allow Defendants an opportunity to resolve these threshold issues before requiring them to participate in discovery. Although Plaintiff opposes the motion and states he should be allowed discovery to seek proof to refute Defendants' affidavits submitted to support their Motion to Dismiss, he does not identify the discovery he seeks or explain how this discovery would impact resolution of the pending Motion to Dismiss. The Court therefore stays discovery and further stays all related Rule 26 deadlines, proceedings, and requirements, and defers setting a Rule 16 scheduling conference, until after a ruling on the pending Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 62) is **GRANTED**. All discovery and other related Rule 26 proceedings, deadlines, and requirements in this case—including the obligation to attend a Rule 16 scheduling conference, or to issue or respond to any discovery—are hereby stayed with respect to all parties until the District Judge rules on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 59).

---

[8] *Grissom*, 2021 WL 147255, at *2.

[9] *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

**IT IS FURTHER ORDERED** that if the Motion to Dismiss is denied, or any claims or Defendants remain in the case after the District Judge's ruling, counsel for the remaining Defendant(s) shall email the chambers of the undersigned Magistrate Judge, **within seven (7) days of the ruling**, with suggested dates for setting a scheduling conference.

**IT IS SO ORDERED**.

Dated August 10, 2023, in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge