IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. 22-3154-JWB-TJ |
| ) | |
| JEFF ZMUDA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR PROTECTIVE ORDER

Defendants Jeff Zmuda, Jeff Butler, and Tommy Williams ("Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this response to Plaintiff Nicholas Cox's third Motion for Protective Order (Doc. 71). Defendants respectfully request that this motion be denied and state the following in support.

Cox does not appear to be requesting a protective order for discovery purposes under Federal Rule of Civil Procedure 26(c), but rather an injunction before the resolution of the case, known as a preliminary injunction. Black's Law Dictionary (11th ed. 2019), *preliminary injunction* (defining the term as "[a] temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case."). "[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Accordingly, "[a] preliminary injunction is appropriate to grant intermediate relief of the same character as

that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

The movant for a preliminary injunction "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). As part of establishing that relationship, the plaintiff must allege that the defendants in the case participated in the injury complained of in the motion. *See id.* The movant bears the burden to establish by clear proof that the movant "will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975). When a motion for injunctive relief strays from the underlying claims and the character of the requested relief in the complaint, the motion should be denied. *See Hicks*, 332 F. App'x at 508 (citing *De Beers*, 325 U.S. at 220).

Here, Cox's motion for temporary injunctive relief strays from the underlying claims and the requested permanent relief in the Second Amended Complaint (Doc. 11), and therefore the Court should deny the motion. The motion alleges injuries after the filing of the complaint that involve entirely different matters (such as unsatisfactory air circulation and "insect infestation") from the facts alleged in the complaint (denial of out-of-cell exercise). In fact, the motion deals exclusively with issues lying wholly outside the issues in Cox's suit. Cox also fails to specify how the defendants in this case participated in the unrelated injuries claimed in his motion. And Cox currently requests injunctive relief whereas he only requested monetary relief with regard to Count I in the complaint, the only count still active in the case. For these reasons, Cox fails to establish a relationship between the injuries claimed in his motion and the conduct asserted in the complaint. Therefore, Cox has failed to establish legal grounds for a preliminary injunction.

Accordingly, Defendants request that this Court enter an Order denying Plaintiff's third Motion for Protective Order, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of September, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

  Natasha Carter
  Kansas Department of Corrections
  714 SW Jackson, Suite 300
  Topeka, KS 66603
  natasha.carter@ks.gov
  *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served by means of first-class mail on September 6, 2023, postage prepaid, addressed to:

  Nicholas Cox, #98253
  El Dorado Correctional Facility-Central
  P.O. Box 311
  El Dorado, Kansas 67042
  *Plaintiff, pro se*

            */s/ Matthew L. Shoger*
            Matthew L. Shoger
            Assistant Attorney General